ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
11 Petitioner, Roy M. Misita, successfully passed the essay portion of the Louisiana Bar Examination. However, the Committee on Bar Admissions (“Committee”) advised petitioner that it was unable to certify him for admission to the bar on character and fitness grounds, including (1) his failure to disclose a minor criminal matter on his law school application, (2) information from a law firm where he was formerly employed as a law clerk which revealed adverse information concerning his separation of employment; and (3) delinquent financial obligations.
On petitioner’s application to this court, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. Petitioner testified at the hearing and explained the issues of concern to the Committee. Notably, petitioner’s former employer did not testify, nor did he provide the Committee with any documentation to corroborate his claims of difficulties experienced during petitioner’s tenure as a law clerk.
Following the proceedings, the commissioner filed his report with this court, recommending that petitioner be conditionally admitted to the practice of law. Neither party objected to this recommendation.
Considering the commissioner’s recommendation, the absence of any objection from the Committee, and the entire record of this proceeding, we 12conclude petitioner is eligible to be admitted to the practice of law in Louisiana, subject to the following conditions:
I. The term of this conditional admission shall be for two years from the date of admission. However, petitioner’s conditional admission status shall not be terminated until this court so orders.
II. Within thirty days of petitioner’s admission, he shall enter into a formal plan with the Office of Disciplinary *559 Counsel (“ODC”) incorporating the following conditions:
A. During the period of this conditional admission, petitioner shall attend and successfully complete the Louisiana State Bar Association’s Ethics School program.
B. During the period of this conditional admission, petitioner shall provide evidence to the ODC, on at least a quarterly basis, demonstrating that he has made a good faith effort to satisfy his financial obligations.
C. Petitioner shall request that the ODC appoint a practice monitor to supervise his professional activities during the period of this conditional admission. Petitioner shall comply with all reasonable requests of his practice monitor.
D. Petitioner shall cooperate with the ODC, and shall comply with any and all requirements imposed upon him by the ODC.
III. Within thirty days prior to the expiration of the conditional admission, the ODC shall file a report in this court in which it sháll recommend to the court that the conditional admission be allowed to terminate or be extended.
Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his ^conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.